IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES COPEN,

        Petitioner,

v.                              CIVIL ACTION No. 1:20CV104
                              CRIMINAL ACTION No. 1:18CR35-2
                                  (Judge Keeley)


UNITED STATES OF AMERICA,

        Respondent.


**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S
§ 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

Pending before the Court is a motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1)[1] filed by the petitioner, James Copen ("Copen"). For the reasons that follow, the Court concludes that Copen's motion is untimely under 28 U.S.C. § 2255(f)(1), **DENIES** the motion (Dkt. No. 1), and **DISMISSES** this case **WITHOUT PREJUDICE**.

## I. PROCEDURAL BACKGROUND

On May 28, 2020, Copen filed a § 2255 motion to vacate, set aside, or correct his sentence (Dkt. No. 1).[2] Following a

---

[1] All docket numbers, unless otherwise noted, refer to Civil Action No. 1:20CV104.

[2] Copen attached to his § 2255 motion a letter from his appellate attorney, which warned:

You should be aware that the date that your judgment of conviction was entered was March 11, 2019; the 14-day time period for the filing of a notice of appeal expired on March 25, 2019[.] [I]t is possible that either of the

COPEN V. USA                                                    1:20CV104
                                                               1:18CR35-2

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S
§ 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

preliminary review of Copen's motion under Rule 4 of the Rules

Governing § 2255 Proceedings, the Court concluded that Copen's

motion may be untimely and issued a notice pursuant to Hill v.

Braxton, 277 F.3d 701, 707 (4th Cir. 2002) ("Notice"), warning him

that his case may be dismissed unless, within thirty (30) days, he

could demonstrate why the one-year statute of limitations should be

equitably tolled (Dkt. No. 5). Despite receiving the Notice on

October 31, 2020, Copen has failed to respond (Dkt. No. 6).

## II. ONE-YEAR LIMITATION PERIOD

The Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA") established a one-year statute of limitations for filing

a habeas petition under § 2255. Under the AEDPA, the limitation

period runs from the latest of:

(1)  the date on which the judgment of conviction
     becomes final;
(2)  the date on which the impediment to making a motion
     created by the governmental action in violation of
     the Constitution or laws of the United States is
     removed, if the movant was prevented from making a
     motion by such governmental action;
(3)  the date on which the right was initially

---

dates might be considered the date upon which your
conviction became final and in that case, it would appear
that an argument could be made that the time period for
filing a [§] 2255 motion has passed.

(Dkt. No. 1-2).

COPEN V. UNITED STATES                                    1:20CV104
                                                          1:18CR35-2

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S
§ 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

    recognized by the Supreme Court and made
    retroactively applicable to cases on collateral
    review; or
(4) the date on which the facts supporting the claim or
    claims presented could have been discovered through
    the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). In the Fourth Circuit, when a § 2255

motion appears untimely and the Government has not filed a motion

to dismiss based on the one-year statute of limitations, courts

must warn petitioners that the case is subject to dismissal absent

a sufficient explanation. See United States v. Sosa, 364 F.3d 507

(4th Cir. 2004); Hill, 277 F.3d at 707 (4th Cir. 2002).

### III. ANALYSIS

On October 30, 2018, Copen pleaded guilty to one count of

conspiracy to distribute methamphetamine in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(C), and 846, and three counts of

distribution of methamphetamine in proximity of a protected

location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and

860(a) (Case No. 1:18CR35, Dkt. No. 64). The Court sentenced him to

a total term of imprisonment of 188 months and entered judgment on

March 11, 2019 (Id., Dkt. No. 82).

The Federal Rules of Appellate Procedure require that "a

defendant's notice of appeal must be filed in the district court

within 14 days after . . . the entry of either the judgment or the

3

COPEN V. UNITED STATES                                      1:20CV104
                                                           1:18CR35-2

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S
§ 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

order being appealed." Fed. R. App. P. 4(b)(1)(A). "A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal." United States v. Oliver, 878 F.3d 120, 125 (4th Cir. 2017).

Although sentenced on March 11, 2019, it was not until August 14, 2019, that Copen noticed his appeal of the Court's judgment order (Id., Dkt. No. 94). The Fourth Circuit dismissed that appeal as untimely on January 21, 2020 and issued its mandate on February 12, 2020 (Id., Dkt. Nos. 105, 107). But because Copen's appeal in the first instance was untimely, his conviction became final on March 25, 2019, fourteen (14) days after entry of the Court's judgment. Fed. R. App. P. 4(b)(1)(A)(i).

Pursuant to 28 U.S.C. § 2255(f)(1),[3] to be timely, Copen must have filed his § 2255 motion by March 25, 2020. This he failed to do. Therefore, when he filed his motion on May 28, 2020, he was more than two months past the expiration of the applicable statute

---

[3] See also Flowers v. United States, 2016 WL 1274115 at *1 (D. Md. Apr. 1, 2016) ("[The petitioner's] untimely appeal and request for certiorari do not revive or extend his opportunity to file a § 2255 motion.") (citing Gillis v. United States, 729 F.3d 641, 644 (6th Cir. 2013) ("A conviction becomes final when the time for direct appeal expires and no appeal has been filed, not when an untimely appeal is dismissed.").

4

COPEN V. UNITED STATES                                    1:20CV104
                                                          1:18CR35-2

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

of limitations in his case (Dkt. No. 1). His motion, therefore, was untimely filed, and because he has failed to demonstrate any good cause why the statute of limitations should be tolled, his case is subject to dismissal.

## IV. CONCLUSION

For the reasons discussed, the Court **DISMISSES** this case **WITHOUT PREJUDICE.**

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit copies of both orders to Copen by certified mail, return receipt requested, and to counsel of record by electronic means, and to strike this case from the Court's active docket.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

**COPEN V. UNITED STATES**                                    **1:20CV104**
                                                             **1:18CR35-2**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

The Court finds it inappropriate to issue a certificate of appealability in this matter because Copen has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Copen has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

DATED: December 10, 2020.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE